IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMANDA CLEMENTS, EDUARDO LUCIO, STEVEN LOSS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br><br>EXPERIAN INFORMATION SOLUTIONS, INC, and TXU Energy Retail Company, LLC and JOHN DOES 1-25,<br><br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiffs, Amanda Clements, Eduardo Lucio, Steven Loss, individually and on behalf of all others similarly situated (hereafter the "Plaintiffs"), by Counsel, Dennis McCarty, Jonathan Raburn, Yitzchack Zelman and Ari Marcus, and for their complaint against the Defendants, Experian Information Solutions, Inc., (hereinafter "Experian"), and TXU Energy Retail Company, LLC (hereinafter "TXU") alleges as follows:

### INTRODUCTION

1. Plaintiffs brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant Experian has been and is continuing to report a TXU account on a Experian credit report that antedates the report by more than seven years and six months, in violation of the FCRA.

2. Additionally, Experian continues to report the antedated trade lines even after some

1

Plaintiffs' disputed the same and as such failed to properly investigate Plaintiffs' dispute.

3. Furthermore, Plaintiffs allege that Experian has failed to follow reasonable procedures to assure maximum possible accuracy in its reporting of antedated TXU trade lines. If Experian had proper procedures in place, it would not allow antedated trade lines to report on Plaintiffs' Experian credit reports over seven years and six months from the original delinquency date.

4. Plaintiffs further allege that TXU has violated its duty under the FCRA to conduct reasonable and good faith investigations by failing to delete the antedated TXU trade lines after being notified of Plaintiffs' dispute.

5. As a direct and proximate cause of Experian's and TXU's conduct, Plaintiffs have been harmed.

6. Plaintiffs seek statutory and punitive damages for themselves and the class members, and attorneys' fees and costs.

## JURISDICTION

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Texas, and violated Plaintiffs rights under the FCRA in the state of Texas as alleged more fully below.

8. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

9. The Fifth Circuit has ruled that a violation of an FCRA procedural right, granted by statute, is injury in fact that creates standing. Please see <u>Sayles v. Adv. Recovery</u>

Sys., Inc., 865 F.3d 246, 250 (5th Cir. 2017)(In *Spokeo*, 136 S.Ct. at 1548, the Supreme Court reiterated that "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." However, it also stated that " '[c]oncrete' is not ... necessarily synonymous with 'tangible.' " *Id*. at 1549. Instead, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id*.

10. For Experian and TXU to report inaccurate derogatory information on Plaintiffs' credit report, that negatively effects their credit ratings is on its face an "injury" that creates standing.

## PARTIES

11. Plaintiff Amanda Clements ("Clements") is a natural person and is resident and citizen of Galveston County, the State of Texas, United States of America. Clements is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff Eduardo Lucio ("Lucio") is a natural person and is resident and citizen of Harris County, the State of Texas, United States of America. Lucio is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff Steven Loss ("Loss") is a natural person and is resident and citizen of Kaufman County, the State of Texas, United States of America. Loss is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15. TU is currently doing business in Texas and may be served through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suit 620, Austin, Texas 78701

16. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" ("CRA") as those terms are defined by 15 U.S.C. § 1681a(c).

17. Defendant TXU is a For-Profit Corporation currently doing business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers

18. TXU is currently doing business in Texas and may be served through its registered agent.

## FACTUAL ALLEGATIONS

19. Experian and TXU are prohibited from reporting accounts placed for collection or charged to profit and loss which antedate the report by more than seven and a half years. Please see 15 U.S.C. § 1681c(a)(4).  Pursuant to the FCRA, the original delinquency date (first missed payment) of the account starts the time clock to report an account.  Please see 15 USC §1681c(c)(1).  If the account is charged to profit and loss or placed in collection (internally or to third party), the seven years begins to run 180 days after the original delinquency date(first missed payment), so that the absolute maximum time that a furnisher can report a derogatory account with a credit reporting agency is seven and one-half years from the first missed payment.  Please see *Gillespie*

*v. Equifax Info. Services, L.L.C.,* 484 F.3d 938, 940–41 (7th Cir. 2007)(The seven year period begins to run 180 days after the account is placed in collection or charged off by the creditor **so the effective result is a seven and one-half year period from the original delinquency**. 15 U.S.C. § 1681c(c)(1).)

20. The TXU accounts at issue in this litigation were due to be paid on a monthly basis. The original delinquency date is the first month after the Plaintiffs' last payment date. The time clock starts with the first missed payment, which is the first month after the Plaintiffs' last missed payment.   Experian and TXU are only allowed to report the derogatory accounts for a maximum of seven and one-half years after the original delinquency date.

## As to Eduardo Lucio

21. Plaintiffs incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

22. Sometime prior to January 18, 2009, Lucio opened an account with TXU.

23. Sometime in the past, at a time better known by the Defendants, TXU began reporting a negative trade line on Lucio's Experian credit file.

24. Lucio made his last payment to TXU on January 18, 2009, leaving an alleged balance of around $614.00.  Lucio's Trans Union credit report shows Lucio's last payment date of January 18, 2009.  Please see Exhibit A.  The first missed payment would be the next month that it was due but not paid.  The first missed payment establishes the original delinquency date. The first missed payment/original delinquency date for his account was on February 17, 2009.  The maximum that Experian and TXU were allowed to report this account would be seven and one-half

years starting from February 17, 2009. The account should have fallen off his credit report on or before August 15, 2016. As of Lucio's Experian credit report dated August 16, 2017, the account was still reporting. Please see Exhibit B

25. Experian and TXU continued to report the old and antedated trade line for longer than seven and one-half years past the original delinquency date of February 17, 2009.

### As to Steven Loss

26. Plaintiffs incorporates all of the foregoing paragraphs as though the same were set forth at length herein.

27. Sometime prior to June 25, 2009, Loss opened an account with TXU.

28. A time better known by the Defendants, TXU began reporting a negative trade line on Loss' Experian credit file.

29. Loss made his last payment to TXU on June 25, 2009, leaving an alleged balance of around $724.00. Loss' Trans Union credit report shows Loss' last payment date of June 25, 2009. Please see Exhibit C. The first missed payment would be the next month that it was due but not paid. The first missed payment establishes the original delinquency date. The first missed payment/original delinquency date for his account was on July 25, 2009. The maximum that Experian and TXU were allowed to report this account would be seven and one-half years starting from July 25, 2009. The account should have fallen off his credit report on or before January 21, 2017. As of Loss' Experian's credit report dated October 10, 2017, the account was still reporting. Please see Exhibit D

30. Loss disputed the TXU trade line with Experian, pursuant to the requirements of the FCRA, and requested that the TXU trade line be removed as being old and

antedated.

31. On or around September 19, 2017, Loss' attorney sent a dispute letter to Experian, notifying Experian that the TXU trade line was old and antedated, and requesting that it be removed. Please see Exhibit E.

32. Despite that fact, Experian failed to conduct a reasonable investigation of Loss' dispute and instead continued to report the inaccurate information on Loss' Experian credit report with the statement, "This item was updated from our processing of your dispute in Oct 2017". The inaccurate reporting remained on Loss' Experian credit report as of October 10, 2017.  Please see Exhibit D

33. Experian and TXU continued to report the old and antedated trade line for longer than seven and one-half years past the original delinquency date of July 25, 2009.

## As to Amanda Clements

34. Plaintiffs incorporates all of the foregoing paragraphs as though the same were set forth at length herein.

35. Sometime prior to January 18, 2009, Clements opened an account with TXU.

36. Clements made her last payment to TXU on January 18, 2009, leaving an alleged balance of around $239.00.  Clements' Trans Union credit report shows Clements' last payment date of January 18, 2009.  Please see Exhibit F.  The first missed payment would be the next month that it was due but not paid.  The first missed payment establishes the original delinquency date. The first missed payment/original delinquency date for his account was on February 17, 2009. The maximum that Experian and TXU were allowed to report this account would be seven and one-half years starting from February 17, 2009.  The account should have fallen off her credit report on or before August 15, 2016.  As of the Clements' Experian credit report

dated August 22, 2017, the account was still reporting.  Please see Exhibit G

37. A time better known by the Defendants, TXU began reporting a negative trade line on Clements' Experian credit file.

38. TU and Experian continued to report the old and antedated trade line for longer than seven and one-half years past the original delinquency date of February 17, 2009.

## As to all Plaintiffs

39. Plaintiffs incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

40. Experian did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

41. Experian did not follow reasonable procedures to prevent Plaintiffs' TXU accounts from reporting the negative credit information beyond the statutory limit.

42.  Experian is allowing this information to be reported beyond the statutory period of seven years and six months, even though Experian should know that old dates in certain data fields should trigger deletion based on statutory limitations.

43. Experian knows and understand the importance and proper use of the original delinquency date and removal of an obsolete account from a consumer's credit report.  *Please see* Experian's website available at, http://www.experian.com/blogs/ask-experian/when-negative-information-will-be-removed-from-your-credit-report/, (Negative information in your credit report is removed automatically at times specified by the Fair Credit Reporting Act. Late payments remain seven years from the original delinquency date. A single late payment is deleted at seven years. If there was a series of late payments (not paid at

30 days, or 60 days, or 90 days) and then brought current, the payments would be deleted seven years from the first one missed in the series. If the account was never brought current and charged off and placed for collection, the entire account will be deleted based on the date the account became late and was never again current. This is known as the original delinquency date.).

44. Additionally, TXU did not conduct a good faith and reasonable investigation into the Loss' dispute and did not delete or correct the inaccurate information, but instead verified the information to Experian.

45. This account is not only inaccurate but is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"). The inaccurate information was furnished by TXU and is reported by Experian.

46. Because of the negligent and/or willful actions of Experian and TXU, Plaintiffs' credit score has been negatively affected.

47. Because of this, the plaintiff has suffered damages, including time Plaintiffs spent attempting to cure Experian's and TXU's illegal reporting, along with future damages that have yet to be determined.

48. The old and obsolete information negatively reflects upon the Plaintiffs, the Plaintiffs' credit repayment history, the Plaintiffs' financial responsibility as a debtor and the Plaintiffs' credit worthiness, as well as lowering credit scores. The old and obsolete information was furnished by TXU and reported by Experian.

49. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by Experian is continuing to damage the Plaintiff's credit rating.

50. At all times pertinent hereto, TXU and Experian were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

51. At all times pertinent hereto, the conduct of TXU and Experian, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

53. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

54. The Classes (hereinafter, "Classes") consist of:

CLASS A: All natural persons residing in the State of Texas, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, whose Experian's credit reports contained a TXU trade line that is more than seven years and six months from the original delinquency date.

CLASS B: All natural persons residing in the State of Texas, beginning two years

prior to the filing of this Complaint and continuing through the resolution of this action, on whose behalf a dispute was made to Experian on an antedated TXU trade line, after which Experian and TXU continued to report the account.

55. The Class period begins two years prior to the filing of this Action.

56. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant handles hundreds if not thousands of antedated TXU tradelines that remain on consumers credit report, and Defendant handles hundreds if not thousands, of consumer disputes and investigations of antedated TXU trade lines, and Defendant's uniform practice and procedure to verify such trade lines;

    b) There are questions of law and fact which are common to the Classes and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether Experian violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681e, 1681c, and/or 1681i.

        ii. Whether TXU violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681s.

        iii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iv. Whether Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so,

        what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    v. Whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

57. All preceding paragraphs are realleged.

58. This lawsuit is brought against TXU and Experian because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover damages, punitive damages, and reasonable attorneys' fees. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover damages, punitive damages, and reasonable attorneys' fees:

   15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

   (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

   (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

   (2) such amount of punitive damages as the court may allow; and

   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

   And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

   (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

13

      (1) any actual damages sustained by the consumer as a result of the failure; and

      (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### COUNT I – VIOLATION OF 15 U.S.C. §1681c(a)(4)

59. All preceding paragraphs are realleged.

60. Plaintiffs Clements, Lucio, and Loss alleges Count I for themselves and on behalf of the Class A.

61. Section 15 U.S.C. § 1681c(a)(4) reads:

> (a) Information excluded from consumer reports: Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

62. Experian is currently violating 15 U.S.C. § 1681c(a)(4), by reporting old and obsolete information on the Plaintiff's credit report that is more than the statutory period allows.

63. Experian's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

64. As a result of Experian's conduct, Plaintiffs suffered harm

### COUNT II – VIOLATION OF 15 U.S.C. §1681e

65. All preceding paragraphs are realleged.

66. Plaintiffs Clements, Lucio, and Loss alleges Count II for himself and on behalf of Class A.

67. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

68. Were Experian following procedures to assure maximum possible accuracy of the credit report, Experian would have ensured that trade lines that are listed as old and antedated on their reports would have been removed.

69. TXU provided old and obsolete credit information to Experian, which Experian reported past the statutory period of reporting. Experian has, therefore, allowed inaccurate, old and obsolete information to be reported. If Experian had followed any reasonable procedures, they would have promptly removed it when the dates past seven years. Therefore, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

70. Section 1681e(a) of the FCRA requires that a credit bureau, such as Experian, "maintain reasonable procedures designed to avoid violations of 1681c . . ."

71. Were Experian to have maintained reasonable procedures, they would have discovered that the TXU trade line exceeds the seven years pursuant to 1681(c)(a)(4). Despite this glaring flaw in this account, Experian has failed to remove it. This failure to remove is evidence that Experian has failed to institute and maintain any reasonable procedures designed to avoid violations associated with 1681(c).

72. As a result of Experian's conduct, Plaintiffs suffered harm.

## COUNT III – VIOLATION OF 15 U.S.C. §1681i

73. All preceding paragraphs are realleged.

74. Plaintiff Loss alleges Count III for himself and on behalf of Class B.

75. Section 1681i of the FCRA requires a credit reporting agency such as Experian to conduct a reasonable investigation in response to any consumer dispute of information appearing on that consumer's credit report.

76. The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a) Reinvestigations in case disputed information
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
>> (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>>
>>> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

77. Experian violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiffs' notice of dispute. Plaintiffs requested Experian, by and through counsel to reinvestigate this issue via a detailed dispute letters.

78. Experian did not conduct a good faith and reasonable investigation into Plaintiffs disputes.

79. Although Experian should know the information is false and misleading, it was notified and made aware of the specific issues from the dispute letter, sent by and through Plaintiff's attorney. It should have been easy for Experian to determine that the account was inaccurate with the information and documentation it was provided.

80. If Experian would have properly investigated the issue they should have determined that the account was beyond the statutory limit to report on Plaintiffs' credit reports.

81. Experian's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

82. As a result of Experian's conduct, Plaintiffs suffered harm

### COUNT IV – VIOLATIONS OF §1681s-2(b)

83. All preceding paragraphs are realleged.

84. Plaintiffs Loss alleges Count III for themselves and on behalf of Class B.

85. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with

>regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>>(A) conduct an investigation with respect to the disputed information:
>>
>>(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>>
>>(C) report the results of the investigation to the consumer reporting agency;
>>
>>(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>>
>>(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
>>
>>>(i) modify that item of information
>>>(ii) delete that item of information
>>>(iii) permanently block the reporting of that item of information

86. Defendant TXU violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiffs' notice of dispute and failing to delete or correct the inaccurate information. After receiving a dispute notice from Experian, Defendant did not conduct a complete, accurate or reasonable investigation into the disputed issue. TXU should have discovered that the information they are providing to Experian was not accurate.

87. TXU should know that Plaintiffs' first date of delinquency on the account was beyond the statutory period to report negative credit information. TXU was put on notice of the inaccuracy and still verified the false and negative information as accurate and instructed Experian to continue to report the information.

88. If TXU would have provided a good faith and reasonable investigation into Loss's

dispute, they would have discovered the information being reported was antedated and should have been removed.

89. The date that starts the time period to report negative credit information is the first date of delinquency.

90. As a result of TXU's conduct, Plaintiff Loss has been harmed.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages

(c) Awarding Plaintiff and the Class Punitive damages

(d) Awarding Plaintiffs' reasonable attorneys' fees as well as costs and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: December 27, 2017

/s/Dennis McCarty
Dennis McCarty
Jonathan Raburn (PRO HAC PENDING)
McCarty & Raburn, A Consumer Law Firm, PLLC

Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
P.O. Box 1448
Cedar Hill, TX 75106-1448
Telephone: 817-704-3375
Fax (817) 887-5069
Ari Marcus, Esq. (PRO HAC PENDING)
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*